UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Raul SANCHEZ BUENO, | Case No.: 25-cv-2509-AGS-MMP |
|---|---|
| Petitioner, | **ORDER SCREENING PETITION AND REQUIRING RESPONSE** |
| v. | |
| Gregory J. ARCHAMBEAULT, et al., | |
| Respondents. | |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, the Court need not assess his likelihood of success, but he has set out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Petitioner, a "Mexican citizen," claims to have been under a final order of removal since "June 14, 2013." (ECF 1, at 7, 9.) After removal, unauthorized reentry, and "reinstatement" of that final order of removal, petitioner was ultimately granted "Withholding from Removal" status under "18 U.S.C. § 1231(b)(3) on November 2, 2022." (*Id.* at 2.) He was taken back into custody in "May 9, 2025," so ICE could attempt to remove him to a "third country." (*Id.* at 7, 9.) To date, in total, he's been held in post-final-removal-order custody for "201 days," longer than the 90-day standard removal period and the six-month presumptively reasonable period before due process is implicated. *See* 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall

remove the alien from the United States within a period of 90 days[.]"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (discussing "6-month presumption" that detention is reasonable). And he contends that, since ICE has still not even identified a third country to remove him to, there is no "significant likelihood that Petitioner's removal from the U.S. will be accomplished in the foreseeable future." (ECF 1, at 9); *see also Zadvydas*, 533 U.S. at 690. This claim is neither "frivolous" nor "incredible." The government must respond.

By **November 12, 2025**, respondents must answer the petition. Petitioner may reply by **November 26, 2025**. The Court will hold oral argument on **December 3, 2025**, at **11:00 a.m.**

Dated: October 23, 2025

Hon. Andrew G. Schopler
United States District Judge